```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                      DISTRICT OF VERMONT

TROY BOILER WORKS, INC.,             :
                                     :
     Plaintiff,                      :
                                     :
          v.                         :    Case No. 2:21-cv-30-wks
                                     :
LONG FALLS PAPERBOARD, LLC,          :
AIRCLEAN TECHNOLOGIES, INC.,         :
and BRATTLEBORO DEVELOPMENT          :
CREDIT CORPORATION,                  :
                                     :
     Defendants.                     :
                                     :
```

**OPINION AND ORDER**

Plaintiff Troy Boiler Works, Inc. ("Troy Boiler") brings this case against Long Falls Paperboard, LLC ("Long Falls"), AirClean Technologies, Inc. ("AirClean") and Brattleboro Development Credit Corporation ("BDCC"), alleging defendants failed to pay for work performed between December 2019 and January 2020.  AirClean has filed a cross-claim against its co-Defendants.  Now before the Court is AirClean's motion to compel Long Falls to respond to certain discovery requests.  For the reasons set forth below, the motion to compel is granted in part and denied in part.

**Factual Background**

The dispute in this case involves worked performed at a specialty paper plant in Brattleboro, Vermont.  When the former owner of the plant encountered financial difficulties in 2018,

BDCC acquired the building and land and leased them to Long Falls for continued operations. On July 29, 2019, Long Falls and Green Mountain Power entered into a contract to upgrade burners, improve efficiency, and reduce energy costs at the plant. As part of the contract, Green Mountain Power agreed to partially fund the replacement of two existing boiler burners. The project contract specified AirClean as the vendor, and AirClean retained Troy Boiler as a subcontractor.

Troy Boiler filed this suit on February 12, 2021, alleging non-payment for work it performed. On April 23, 2021, AirClean filed an answer to the complaint and a cross-claim against BDCC and Long Falls. The cross-claim includes an allegation that Long Falls failed to pay AirClean over $400,000.

AirClean reports that Long Falls is insolvent, and previously moved the Court for leave to file a third-party complaint against the principals of Long Falls. The proposed third-party complaint alleged, among other things, that owners of Long Falls concealed the company's insolvency and negligently induced AirClean to provide goods and services on credit. ECF No. 70. The Court denied AirClean's motion without prejudice, finding that AirClean had failed to show that impleader was appropriate. ECF No. 84. The current motion to compel was pending when the Court issued its ruling, and some of the

discovery currently at issue relates to the proposed third-party claims.

## Discussion

### I. Motion to Compel Standard

A party may move for an order compelling disclosure or discovery under Federal Rule of Civil Procedure 37(a).  The Federal Rules of Civil Procedure set forth the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 26(b)(2)(C). A district court has discretion in ruling on motions to compel. "A district court abuses its discretion only when the discovery is so limited as to affect a party's substantial rights." *In re 650 Fifth Ave.*, 934 F.3d 147, 157 (2d Cir. 2019).

### II. AirClean's Motion to Compel

A.  AirClean Request Numbers 91, 92, 93 and 95

AirClean moves to compel responses to several of its discovery requests.  The first responses at issue pertain to the programming of Variable Frequency Drives (VFDs) for burner fans

3

at the plant.  In request number 91, AirClean asks Long Falls to admit to the accuracy of testimony by Long Falls' principal Michael Cammenga in response to the following question: "Is it your testimony that [Long Falls] had done all the work prior to demobilization on January 31, 2020 that would have enabled AirClean personnel to program the VFDs for the blower fans?"  Mr. Cammenga responded: "To the best of my knowledge that's correct."  Mr. Cammenga also testified that AirClean left the project without doing that work.  AirClean's alleged failure to program the VFDs before leaving the work site is, according to AirClean, "the cornerstone of Long Falls' excuse for not paying the $406,048.44 owed."  ECF No. 83 at 7.

   AirClean now contends that, based upon recently-discovered evidence, it could not have completed the programming because the wiring to the VFDs had not been installed.  For support, AirClean cites emails produced by Troy Boiler dated February 11, 2020, each of which discuss the need to finish the wiring for the VFDs.  Those emails allegedly contradict Mr. Cammenga's testimony that the VFDs were ready for programming as of January 31, 2020.

   Request number 92 asks Long Falls for documentation related to the installation of wiring for the VFDs.  Long Falls responded that the installation completion date was unknown, and that its records were lost as the result of a ransomware attack.

4

Long Falls allegedly did not disclose the full extent of the February 11, 2020 communications cited by AirClean. AirClean now asks the Court to compel Long Falls to conduct another thorough search of its records.

AirClean also asks the Court to compel clear responses to Requests to Admit numbers 91, 93, and 95. Request 91 asks for confirmation of Mr. Cammenga's testimony cited above. Long Falls only admitted "to the extent [the Request to Admit] is an accurate restatement of the court transcript." Request 93 asks Mr. Cammenga to confirm his testimony that he is/was the plant manager and the sole full-time principal at the plant since 2008. Long Falls again admitted the statement to the extent the transcript was accurate. Request 95 asks Long Falls to confirm the identity of three of the four Long Falls principals.

With respect to a search of the records for evidence of VFD wiring, it appears that such records are no longer available due to a ransomware attack. Nonetheless, given the alleged uncertainty created by the February 11, 2020 emails, the Court will compel Long Falls to conduct an additional search and report its findings. AirClean is also entitled to unequivocal responses to its Requests to Admit with regard to the substance of Mr. Cammenga's testimony. *See* Fed. R. Civ. P. 36(a)(4). The motion to compel additional responses to request numbers 91, 92, 93 and 95 is granted.

B.   AirClean Request Numbers 94 and 96

AirClean's request number 94 asks for the names and addresses of the four principals who control Long Falls, a description of their business relationship, and any writings that describe that relationship.  Request 96 asks for a copy of the Operating Agreement between Long Falls Paperboard LLC and its manager, Long Falls Group LLC.  Long Falls objected to the requests as irrelevant, overly broad, and related to third-party claims that had not yet been allowed.  As noted above, the Court has since denied the motion to file a third-party complaint, without prejudice.

AirClean submits that it has a broad right to discovery, and that it may request information relevant to its cross-claim.  The crux of that cross-claim is non-payment, and Mr. Cammenga has testified that he was the person who decided to withhold payment.  The identity of other principals is thus primarily relevant to the extent that they can confirm or deny Mr. Cammenga's representation.  Long Falls appears to know the names of the other principals.  While those principals may be questioned about the business relationship and the decision-making processes of the company, and may perhaps be subpoenaed to do so, Long Falls itself is not obligated to disclose the nature of its corporate structure or its internal operating

agreements in the context of the pending claims.  The motion to compel responses to request numbers 94 and 96 is denied.

    C.   AirClean Request Numbers 97-99

Request 97 relates to Mr. Cammenga's testimony that members and managers of Long Board include Long Falls Group, LLC and 9267-3110 Quebec, Inc.  The request asks if there are other members and managers, and if so to state their names.  Request 98 asks Long Falls to describe the relationship between Northrich Cartons, Inc., reportedly a major Long Falls customer, and Long Falls Paper Board LLC.  Request 99 asks whether Northrich Cartons, Inc. is a member or manager of any limited liability company that directly or indirectly owns or control Long Falls Paper Board LLC.

Long Falls has provided information in response to these requests, and argues that the motion to compel is therefore moot.  AirClean accepts that information, but seeks an explanation about Richard Normandin's status as 100% owner of Northrich US Holding Company ("Northrich"), given that Northrich is a subsidiary of 9267-3110 Quebec, Inc.  Specifically, AirClean questions whether Mr. Normandin is also the 100% owner of 9267-3110 Quebec, Inc.  The Court finds that the information initially requested has been provided, and that any lack of clarity as to corporate relationships can be addressed in future

testimony.  The motion to compel additional information is denied.

    D.   AirClean Request Numbers 86-89

These requests seek documentation reflecting AirClean's agreement to the terms in Long Falls' purchase orders.  Long Falls' memorandum in response to the motion to compel states that it expects the answer to be "none."  Its subsequent discovery response, however, stated that AirClean is already in possession of such documents.  That answer is insufficient.  If Long Falls is in possession of responsive documents, those documents must be produced.

    E.   AirClean Request Number 11

Request 11 seeks information related to Long Falls' reported liquidity crisis, including Long Falls' tax returns and financial statements for 2018, 2019 and 2020.  Long Falls has agreed to provide certain information subject to a non-disclosure agreement.  The parties have been unable to finalize the terms of such an agreement.

Long Falls also notes that the information sought is relevant and discoverable if AirClean's third-party claims are allowed.  To date, those claims are not a part of this case.  If the parties can agree to disclosure terms, they may of course proceed on that basis.  Given the status of the third-party

8

claims, however, the Court will not compel production of Long Falls' financial information.

## Conclusion

For the reasons set forth above, AirClean's motion to compel (ECF No. 76) is granted in part and denied in part. The parties shall bear their own costs with respect to the motion.

DATED at Burlington, in the District of Vermont, this 23rd day of March, 2022.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court
