```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT

TROY BOILER WORKS, INC.,              :
                                      :
     Plaintiff,                       :
                                      :
          v.                          :    Case No. 2:21-cv-30
                                      :
LONG FALLS PAPERBOARD, LLC,           :
AIRCLEAN TECHNOLOGIES, INC.,          :
and BRATTLEBORO DEVELOPMENT           :
CREDIT CORPORATION,                   :
                                      :
     Defendants.                      :
```

## OPINION AND ORDER

Pending before the Court is Defendant Long Falls Paperboard, LLC's ("Long Falls") motion for protective order asking the Court to remove a document from the court's public docket.  Long Falls further asks the Court to require Defendant AirClean Technologies, Inc. ("AirClean") to sequester and destroy the document, arguing that it contains privileged attorney-client communications.  For the reasons set forth below, the motion is granted in part and denied in part.

The document at issue is a communication from Long Falls partner and employee Michael Cammenga to Ryan Smith & Carbine, the law firm that represents AirClean in this action.  The Court notes that, at the time of the communication, AirClean had a cross-claim pending against Long Falls.  On December 27, 2021,

Mr. Cammenga accessed the Ryan Smith & Carbine "Contact Us" internet portal, and wrote the following:

> My business partner for Long Falls Paperboard, LLC in Brattleboro, VT is stealing from the company and violating the partnership agreement.  I would like help to take legal action to remove him from the Managing Partner role as soon as possible, additionally, I found out about his self-dealing a few months ago and brought it to his attention.  He has been retaliating against me ever since – I am a partner and an employee.
>
> Could you please call me at your earliest convenience?

ECF No. 85-3 at 1.  The firm's portal stated that "[t]his website is designed for general information only.  The information presented at this site should not be construed to be formal legal advice nor the formation of a lawyer/client relationship."  *Id.*

Long Falls argues that the purpose of Mr. Cammenga's communication was to solicit legal services, and that such communications are protected even in the absence of a formal lawyer-client relationship.  Long Falls also contends that Mr. Cammenga purported to act on behalf of the company, describing himself as a partner and employee, but had no authority to do so.  AirClean counters that nobody at the firm responded to Mr. Cammenga's request, and thus there were no attorney-client communications.  AirClean also submits that, as a Long Falls partner, Mr. Cammenga could waive the company's privilege.

Finally, AirClean informs the Court that Mr. Cammenga has made his theft allegations public through the local press.

It is well established that when a potential client provides information to an attorney, those communications are confidential. For example, the Vermont Rules of Professional Conduct state that "[e]ven when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information used in the consultation." Vt. R. Prof. Cond. 1.18(b). Accordingly, "[t]he attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance," *In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007), and therefore "may attach to a prospective client's 'initial statements' to an attorney who is not ultimately hired," *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 100 (S.D.N.Y. 2009) (citing *United States v. Dennis*, 843 F.2d 652, 656 (2d Cir. 1988)).

Ryan Smith & Carbine's disclaimer does not avoid application of the privilege. The disclaimer stated only that information presented on the website did not form an attorney-client relationship, but said nothing about confidences shared by potential clients.

A question remains about whether Mr. Cammenga was acting individually, or as a member of Long Falls. In either event,

3

the communication should not be a part of this case. If Mr. Cammenga was seeking individual representation, the matter of confidentiality is for him to waive, and there is no suggestion before the Court of such a waiver. If Mr. Cammenga intended to act on behalf of Long Falls, it not clear that as a minority owner he was authorized to do so. Moreover, his allegations of wrongdoing by a fellow Long Falls partner have little relevance to the contract claims that dominate the case.

Given that Mr. Cammenga's communication was confidential and has little do to with the core facts of this case, the Court grants Long Falls' motion in part. The document, together with this Order and the parties' related memoranda, shall be placed under seal. So long as the document does not re-enter the public record without the Court's permission, the Court sees no reason to require its sequestration or destruction. That portion of the motion is denied. Long Falls' motion for protective order (ECF No. 87) is therefore granted in part and denied in part.

DATED at Burlington, in the District of Vermont, this 16th day of June, 2022.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge